IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **SIMON AMUNGA NASIO,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | PE-25-CV-00014-DC-DF |
| | § | |
| **UNITED STATES DEPARTMENT** | § | |
| **OF DEFENSE,** | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

BEFORE THE COURT is Plaintiff Simon Amunga Nasio's ("Plaintiff") Complaint (Doc. 1) and Motion to Proceed *in forma pauperis* ("IFP Application") (Doc. 10). This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the undersigned **RECOMMENDS** Plaintiff's claims be **DISMISSED**. (Doc. 1).

### BACKGROUND

On March 28, 2025, Plaintiff, proceeding *pro se*, filed his Complaint against the United States Department of Defense for denying his enlistment application for the United States Airforce. (Doc. 1). Plaintiff is a non-citizen without lawful permanent resident status residing in the United States. *Id.* at 2. Generally, only United States citizens or lawful permanent residents, as defined in § 101(a)(20) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a), may enlist in the Armed Forces.

10 U.S.C. § 504(b)(A)–(B). But an exception to the general rule exists under 10 U.S.C. § 504(b)(2), allowing non-citizens who are not permanent residents but are lawfully present in the United States to enlist if they possess a "critical skill or expertise vital to the national interest" that the person will use in the "primary daily duties" as an Armed Forces member. 10 U.S.C. § 504(b)(2)(A)–(B). Plaintiff attempted to enlist through this exception.

From the numerous emails Plaintiff attaches to his Complaint, the Court gathers Plaintiff's enlistment was denied because he does not yet possess a critical skill or expertise vital to the national interest. (Doc. 1-3 at 1). Plaintiff disagrees with this determination. Albeit unclear, Plaintiff believes his enrollment at the American Military University/American Public University[1] pursuing bachelor's degrees in computer science and law constitutes a "critical skill or expertise vital to national interest." (Doc. 1 at 2). Plaintiff therefore believes his failed attempts to enlist under § 504(b)(2) are the result of "procedural obstacles, delays, and arbitrary rejections." (Doc. 1 at 3).

As a result, Plaintiff sues alleging a multitude of statutory and constitutional claims, such as violation of his due process rights under the Fifth Amendment, violation of the Administrative Procedure Act, and failure to apply the § 504(b)(2) exception. *See id.* Plaintiff also seeks a preliminary injunction requiring the Department of Defense to process and release tuition assistance documents for his continuing education in military-relevant expertise. (Doc. 5). Lastly, Plaintiff asks this Court to recognize Major

---

1. According to the American Military University / American Public University's website, it is not affiliated with U.S. Military.

Christopher M. Deliman's decision denying Plaintiff's enlistment eligibility under the "vital to national interest" exception as the Air Force's final determination. (Doc. 3).

Together with his Complaint and motions, Plaintiff also filed an IFP Application. (Doc. 2). The Court denied Plaintiff's first IFP Application on April 16, 2025, because it was incomplete and nonsensical. (Doc. 9). Plaintiff then filed his second IFP Application on April 17, 2025. (Doc. 10). The Court thus must address Plaintiff's second IFP Application before turning to his Complaint.

## DISCUSSION

### I.  MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a $350 filing fee, as well as an administration fee.[2] *See* 28 U.S.C. § 1914(a). Plaintiff's IFP Application includes his income and asset information, which indicates Plaintiff lacks enough monthly resources to pay the filing fee. (Doc. 15). The Court therefore **GRANTS** Plaintiff's Motion to Proceed IFP. *Id.* Even so, for reasons explained momentarily, the Court **RECOMMENDS** Plaintiff's Complaint be **DISMISSED** under 28 U.S.C. § 1915(e).

### II.  Review Under § 1915(e)

Under 28 U.S.C. § 1915(e), the Court is required to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are

---

2. The administration fee, which is currently set at $55, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule*, available at https://www.txwd.uscourts.gov/court-information/fee-schedule/.

(1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this case, Plaintiff's Complaint fails to state a claim on which relief may be granted.

To screen complaints for failure to state a claim, courts employ the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)); *DeMoss*, 636 F.3d at 152. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* Likewise, threadbare recitals of a cause of action's elements supported by conclusory statements will not survive a motion to dismiss. *Id.* Factual allegations must raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Of course, courts liberally construe *pro se* filings, but this does not dispense with the pleading requirements under Rule 8. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Here, Plaintiff cannot survive Rule 12(b)(6) review. Regardless of statute or constitutional amendment cited, Plaintiff's claims reduce to one argument: the Air Force refused to process Plaintiff's enlistment application. (Doc. 1 at 3) ("Defendant's refusal

4

to process Plaintiff's enlistment application constitutes an arbitrary and capricious action under the Administrative Procedure Act. … Defendant's failure to fairly process Plaintiff's enlistment violates the Merit System Principles …"). As mentioned, only United States citizens or lawful permanent residents generally may enlist in the Armed Forces. 10 U.S.C. § 504(b)(1). Plaintiff acknowledges he falls outside both categories—he is neither a United States citizen nor a lawful permanent resident. (Doc. 1 at 2). So he is not able to enlist. Thus, Plaintiff seeks an exception.

The exception Plaintiff seeks comes from § 504(b)(2), which gives the Secretary concerned, here the Secretary of the Air Force, discretion to authorize enlistment of a person otherwise not eligible. But this exception does not apply to just anyone. The exception only applies to those who "possess a critical skill or expertise that is vital to the national interest." 10 U.S.C. § 504(b)(2)(A). Problematically, Plaintiff's pleadings show he does not *yet* possess a skill or expertise. (Doc. 1 at 2). He pleads that he "is a student at American Military University/American Public University, **pursuing** a Bachelor's Degree in Computer Science and a Bachelor's Degree in Law." *Id.* (emphasis added). In other words, the skills Plaintiff relies on for the exception do not yet exist— he is still developing those skills. As a result, Plaintiff has not shown he qualifies for the exception he seeks.

And this is not the first time Plaintiff has been told his skills are underdeveloped for the § 504(b)(2) exception. In one of many email correspondences from the Air Force explaining why Plaintiff was denied enlistment, Major Christopher Deliman explained:

5

> The applicant in this case has not provided evidence that he possesses critical skills that are essential to national interest which warrant the efforts related to 10 U.S.C. § 504(b)(2) and 10 U.S.C. § 504(b)(3). The applicant is also currently pursuing a bachelor's degree in computer science which further justifies why 10 U.S.C. § 504(b)(2) was not pursued by AFAC recruiters as the individual is still building professional knowledge/skills. This suggests that the applicant may not have extensive knowledge or skill for a given subject *which is why additional evidence must be provided to pursue 10 U.S.C. § 504(b)(2)*.
>
> I would recommend the *applicant reach out to the Secretary of the Air Force, explain his critical skill that is essential for his enlistment in the USAF*, and obtain Secretary of the Air Force sponsorship per 10 U.S.C. § 504(b)(2) and 10 U.S.C. § 504(b)(3).

(Doc. 1-3 at 1) (emphasis added). Yet Plaintiff contends his multiple attempts to enlist under § 504(b)(2) have resulted in "procedural obstacles, delays, and arbitrary rejections." (Doc. 1 at 3). While the above rejection is not "arbitrary," even if assumed to be, Major Deliman did not completely shut the § 504(b)(2) door to Plaintiff. He merely informed Plaintiff "additional evidence must be provided to pursue 10 U.S.C. § 504(b)(2)" documenting his critical skill or expertise. (Doc. 1-3 at 1). He also provided Plaintiff with next steps "to reach out to the Secretary of the Air Force" to explain his critical skill and obtain sponsorship. *Id.* at 2. Despite this instruction, Plaintiff neither alleges nor provides any additional proof of critical skills or expertise vital to the national interest beyond those he intends to gain through completion of his degree programs; nor does Plaintiff allege he reached out to the Secretary of the Air Force to obtain sponsorship.

Looking beyond the surface-level issues, Plaintiff's claim faces an even larger hurdle. Section 504(b)(2) does not *guarantee* access to the exception. As Plaintiff

6

acknowledges in his Complaint, it is within the Secretary of the Air Force's *discretion* to allow a person otherwise not eligible to enlist through § 504(b)(2). (Doc. 1 at 2). Put simply, even if Plaintiff proved he had skills or expertise vital to the national interest, the Secretary of the Air Force may, within his discretion, choose not to authorize his enlistment. 10 U.S.C. § 504(b)(2) ("[T]he Secretary concerned *may authorize* the enlistment of a person not described in paragraph (1) …."). As Courts around the country have recognized time and time again, there is no constitutional right to enlistment in the Armed Forces. *See West v. Brown*, 558 F.2d 757, 760 (5th Cir. 1977) ("There is no right to join the military …."); *Lindenau v. Alexander*, 663 F.2d 68, 72 (10th Cir. 1981) ("It is well-established that there is no right to enlist in this country's armed services."); *Nieszner v. Mark*, 684 F.2d 562, 564 (8th Cir. 1982) ("[T]here is no constitutional right to be commissioned in the Air Force Reserve or to serve in the Armed Forces at all."); *Stone v. Trump*, 400 F. Supp. 3d 317, 357 (D. Md. 2019) ("Likewise, courts have also concluded that 'there is no constitutional right to enlist or re-enlist in the armed forces.'"). And courts historically refuse to meddle in enlistment decisions. *See, e.g.*, *West*, 558 F.2d 757 (5th Cir. 1977) (finding the Secretary of the Army's regulation barring unwed parents from enlisting unreviewable*); see also Loving v. United States*, 517 U.S. 748, 777 (1996) (Thomas, J., concurring) ("[The Supreme Court] has recognized the limits on its own competence in advancing this core national interest [to regulate the Armed Forces]. Mindful of the factors that differentiate military society from civilian society, [the Court] has concluded that the Constitution permits Congress to legislate both with greater breath and with greater flexibility when prescribing the

7

rules by which the former shall be governed than it is when prescribing rules for the latter.") (internal citations and quotations omitted).

Lastly, the Court notes Plaintiff styles this case against the United States Department of Defense, but his brief only mentions the Secretary of the Air Force as a defendant. (Doc. 1 at 2). Likewise, Plaintiff files a Motion to Recognize Major Deliman's Decision as the Final Determination—a decision unfavorable to Plaintiff—and within the Motion he raises a multitude of new claims against individuals not named within the Complaint. (Doc. 3). Not only are these individuals not properly before the Court, but the factual allegations are largely conclusory as to the many claims he brings. (*See* Doc. 3).

In sum, construed liberally, Plaintiff's entire Complaint amounts to this: Plaintiff, otherwise unable to enlist, believes his pursuit of degrees in law and computer science qualifies him for the vital skills or expertise exception to enlistment, but the Air Force disagrees. This does not amount to a claim on which relief may be granted. The Court therefore **RECOMMENDS** Plaintiff's Complaint be **DISMISSED** under § 1915(e)(2)(B)(iii).

### III.   Leave to Amend

Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 768–69 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). But granting leave to amend is not required when a plaintiff has pleaded his "best case." *Vega v. City of El Paso*, No. EP-21-CV-00116, 2022 WL 789334, at *9 (W.D. Tex. Mar. 15, 2022)

8

(quoting *Brewster*, 587 F.3d at 767–68). Here, Plaintiff has provided ample documentation and filed multiple motions detailing his factual allegations. There is no amendment capable of overcoming the issues in this case—Plaintiff is not a citizen or a lawful permeant resident, and according to the Air Force, does not yet possess skills vital to the national interest. And even if Plaintiff did possess such skills, enlistment is not guaranteed under § 504(b)(2). As such, Plaintiff has pleaded his best case and leave to amend is not recommended.

## CONCLUSION

As discussed above, Plaintiff's IFP Application is **GRANTED**. (Doc. 10). The Court also **RECOMMENDS** Plaintiff's Complaint be **DISMISSED** under § 1915(e)(2)(B)(iii).

SIGNED this 13th day of June, 2025.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation **by certified mail, return receipt requested**. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).