# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### PECOS DIVISION

| | | |
|---|---|---|
| **SIMON AMUNGA NASIOS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | 4:25-CV-00014-DC |
| | § | |
| **UNITED STATES DEPARTMENT** | § | |
| **OF DEFENSE,** | § | |
| *Defendant.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

BEFORE THE COURT is the report and recommendation from United States Magistrate Judge David B. Fannin (Doc. 12) concerning Plaintiff Simon Amunga Nasio's Complaint (Doc. 1) and the Motion to Proceed *in forma pauperis* (Doc. 10). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Magistrate Judge Fannin issued his report and recommendation on June 13, 2025 (*Id.*). As of the date of this Order, Nasio has filed both timely objections (Doc. 14) and a Motion for Reconsideration of the Report and Recommendation (Doc. 13).

Under 28 U.S.C. § 636(b), a party who files specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days is entitled to *de novo* review by the district court. Nasio has done so here. After conducting that review, the Court finds the Report and Recommendation to be correct in both its reasoning and conclusions, though the Court goes one step further and dismisses the Complaint with prejudice.

As the Report explains, Nasio is neither a United States citizen nor a lawful permanent resident. Under federal law, only U.S. citizens and lawful permanent residents, as

defined by § 101(a)(20) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a), are eligible to enlist in the Armed Forces. *See* 10 U.S.C. § 504(b)(1)(A)–(B).

There is, however, a limited exception. Under 10 U.S.C. § 504(b)(2), individuals who are lawfully present in the United States, but not permanent residents, may enlist if they possess a "critical skill or expertise . . . vital to the national interest" that they will apply in the "primary daily duties" of military service. Nasio applied under this exception, but does not qualify.

To qualify, an applicant must already possess a critical skill—something essential to the national interest and immediately usable in military service. Nasio does not claim to currently possess such a skill. Instead, he argues that his studies at American Military University[1] (also referred to as American Public University), where he is pursuing a bachelor's degree in computer science and law, will eventually equip him with such expertise. (Doc. 1 at 3).

Not surprisingly, Nasio's request for enlistment was denied. He now challenges that decision in this lawsuit, asserting a host of constitutional and statutory claims. These include alleged violations of his Fifth Amendment due process rights, the Administrative Procedure Act, and improper denial of his eligibility under § 504(b)(2). (Doc. 1 at 3). He also seeks a preliminary injunction compelling the Department of Defense to process and release tuition assistance documents related to his military-relevant education. (Doc. 5). In addition, he asks the Court to treat the decision by Major Christopher M. Deliman denying his enlistment as

---

[1] The school is in no way affiliated with the United States military.

the final decision of the Air Force. (Doc. 3). Nasio seeks to proceed with this suit in forma pauperis. (Doc. 10).[2]

## I.    Motion to Proceed IFP

Under federal law, anyone who brings a civil case in a U.S. district court—except in habeas corpus matters—must pay a $350 filing fee, plus an administrative fee. 28 U.S.C. § 1914(a). Nasio filed an application to proceed IFP that included information about his income and assets. (Doc. 10). That information insinuates that Nasio lacks the means to pay the required fees. (Doc. 12). Based on that finding, the Magistrate recommended that the Court grant Nasio's IFP motion. The Court agrees. Nasio's IFP motion is **GRANTED**.

But even though Nasio could proceed without paying the fee, his Complaint can't move forward. As explained below, the Court also adopts the Magistrate's recommendation to **DISMISS** the Complaint under 28 U.S.C. § 1915(e).

## II.    Review Under 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e), the Court must screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this case, the Magistrate Judge recommended that the Complaint fails to state

---

[2] Together with his Complaint and motions, Plaintiff also filed an IFP Application. (Doc. 2). The Court denied Plaintiff's first IFP Application on April 16, 2025, because it was incomplete and nonsensical. (Doc. 9). Plaintiff then filed his second IFP Application on April 17, 2025. (Doc. 10). The Court thus must address Plaintiff's second IFP Application before turning to his Complaint.

a claim on which relief may be granted. (Doc. 12 at 4). The Court agrees. But it also believes that the Complaint qualifies as frivolous. There is no arguable basis for his claim in either fact or law.

### A. Failure to State a Claim

To determine whether a complaint fails to state a claim, courts apply the familiar standard used for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). Under that standard, a complaint must contain enough factual content, taken as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also DeMoss*, 636 F.3d at 152. A claim is plausible when the facts alleged permit the court to draw a reasonable inference that the defendant is liable for the misconduct charged. *Iqbal*, 556 U.S. at 678. But plausibility requires more than a "sheer possibility" that a defendant acted unlawfully. Threadbare legal conclusions and labels, even when wrapped in citations, will not do. *See id.*; *Twombly*, 550 U.S. at 555.

Of course, courts must liberally construe complaints filed by *pro se* litigants. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But that flexibility doesn't excuse a plaintiff from satisfying the pleading requirements of Rule 8.

Applying those standards here, Nasio's Complaint cannot survive.

At bottom, regardless of which statute or constitutional amendment he invokes, Nasio's core grievance is this: the Air Force declined his enlistment application. (Doc. 1 at 3) ("Defendant's refusal to process Plaintiff's enlistment application constitutes an arbitrary and capricious action under the Administrative Procedure Act…"). But this claim runs headfirst

4

into a statutory wall. Under federal law, only U.S. citizens and lawful permanent residents are eligible to enlist in the Armed Forces. See 10 U.S.C. § 504(b)(1). Nasio concedes he is neither. (Doc. 1 at 2).

That leaves Nasio seeking relief under a narrow exception—§ 504(b)(2)—which gives the Secretary of a military branch discretion to authorize the enlistment of individuals not otherwise eligible, but only if they possess a "critical skill or expertise" vital to the national interest. 10 U.S.C. § 504(b)(2)(A). The statute is plain on this point: it applies only to those who already have the skill.

Here, Nasio does not allege he possesses any such skill. Instead, he claims he is working toward it. Specifically, he states he is enrolled in degree programs in computer science and law at American Military University. (Doc. 1 at 2). But future potential is not present qualification, and a skill in development is not a skill possessed. Nasio, therefore, does not fall within the exception.

This is not news to him. In fact, Major Christopher Deliman of the U.S. Air Force told Nasio as much in written correspondence:

> The applicant in this case has not provided evidence that he possesses critical skills that are essential to national interest . . . . The applicant is also currently pursuing a bachelor's degree in computer science which further justifies why 10 U.S.C. § 504(b)(2) was not pursued by AFAC recruiters . . . . I would recommend the applicant reach out to the Secretary of the Air Force, explain his critical skill . . . and obtain Secretary of the Air Force sponsorship.

(Doc. 1-3 at 1–2) (emphasis added).

Despite this guidance, Nasio does not allege that he provided any additional evidence of a qualifying skill. Nor does he claim to have contacted the Secretary of the Air Force to pursue sponsorship, as instructed. Instead, he argues that he has faced "procedural obstacles,

delays, and arbitrary rejections." (Doc. 1 at 3). But even accepting that characterization, the underlying denial was neither arbitrary nor absolute. Major Deliman's letter left the door open—Nasio simply failed to walk through it.

But while all the above is true, the more fundamental problem lies elsewhere: § 504(b)(2) does not entitle anyone to enlist. The statute does not create a right—it confers discretion. It allows the Secretary of the relevant military branch to authorize the enlistment of an otherwise ineligible applicant, but only *if* the Secretary chooses to do so. That's what the text says: "the Secretary concerned *may* authorize the enlistment." 10 U.S.C. § 504(b)(2) (emphasis added). Not *must*. Not *shall*. *May*. That "*may*" signals clearly that the decision is not automatic, even when an applicant meets the threshold criteria. The statute gives the Secretary room to say no—and that is the end of the matter.

That statutory discretion is further supported by courts' repeated clarification that there is no constitutional right to enlist in the military. *See, e.g., West v. Brown*, 558 F.2d 757, 760 (5th Cir. 1977) ("There is no right to join the military . . . ."); *Lindenau v. Alexander*, 663 F.2d 68, 72 (10th Cir. 1981); *Nieszner v. Mark*, 684 F.2d 562, 564 (8th Cir. 1982). Courts also consistently refrain from second-guessing military enlistment decisions. *See, e.g., West*, 558 F.2d at 760; *Loving v. United States*, 517 U.S. 748, 777 (1996) (Thomas, J., concurring) ("[The Court] has recognized the limits on its own competence in advancing this core national interest [of regulating the Armed Forces].").

In the end, even liberally construed, Nasio's complaint boils down to this: he believes that pursuing degrees in law and computer science qualifies him for the "critical skill"

exception to enlistment, but the Air Force—exercising its lawful discretion—disagreed. That is not a claim upon which relief can be granted.[3]

Accordingly, the Court **ADOPTS** the recommendation that Plaintiff's Complaint be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Frivolous

Although not considered in the Report, the Court also finds that Nasio's Complaint is frivolous. A claim is factually frivolous when the facts alleged are "clearly baseless"—a term that includes allegations that are fanciful, fantastic, or delusional. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citing *Neitzke*, 490 U.S. at 325, 327–28). A legal claim, in turn, is frivolous if it rests on a theory that is indisputably without merit—for example, if it asserts the violation of a legal right that simply does not exist. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). In such cases, courts are not only permitted to dismiss; they are empowered to look past the face of the complaint and evaluate the substance of the allegations. Still, not every implausible or unusual claim qualifies as frivolous under § 1915. Implausibility alone does not warrant dismissal. *Denton*, 504 U.S. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

Here, Nasio's claims may not be factually frivolous, but they are legally so. He asserts a right that the law simply does not recognize: entry into the Armed Forces. This is especially true considering he lacks both the required immigration status and requisite critical skill. No

---

[3] Adding to the confusion, Nasio identifies the United States Department of Defense as a defendant in the case caption, but, in his brief, he refers only to the Secretary of the Air Force. (Doc. 1 at 2). He also moves to have Major Deliman's decision recognized as the Air Force's final determination (Doc. 3), but within that motion, he raises several new claims against individuals not named in the Complaint. Those claims are largely conclusory and directed at parties not properly before the Court.

matter how earnestly presented, a claim based on a right that does not exist cannot proceed. The suit, which is legally frivolous, is **DISMISSED WITH PREJUDICE**.

### C. Leave to Amend

Ordinarily, a *pro se* litigant should be given a chance to amend before the court dismisses the complaint. *See Brewster v. Dretke*, 587 F.3d 764, 768–69 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). But that rule has its limits. Courts need not allow amendment where the plaintiff has already pleaded his "best case." *Vega v. City of El Paso*, No. EP-21-CV-00116, 2022 WL 789334, at *9 (W.D. Tex. Mar. 15, 2022) (quoting *Brewster*, 587 F.3d at 767–68). And here, it's clear that Nasio has done just that. He has submitted detailed filings, attached supporting documents, and made his position plain in multiple motions—including several submitted after the Report.[4] No amendment could cure the legal defects at the heart of this case.

At the expense of sounding like a broken record, the Court clarifies, again, the following: Nasio is neither a U.S. citizen nor a lawful permanent resident. He also does not possess skills vital to the national interest. But even if he did, that alone would not entitle him to enlist. Section 504(b)(2) leaves the decision to the Secretary's discretion. In short, the legal barriers are fixed, and Nasio has already laid out his strongest case. Under these circumstances, granting leave to amend would serve no purpose. It is not warranted here. Nasio's Motion to Amend Complaint (Doc. 16) is **DENIED**.

---

[4] For example, the Motion to Amend or Supplement Complaint (Doc. 16) completely fails to engage with and wholly misunderstands the law and reasoning set out in the Report.

### III.    Conclusion

Even when read with the leniency afforded to *pro se* litigants, Nasio's Complaint does not state a non-frivolous claim. He is not a U.S. citizen or lawful permanent resident. He does not possess the critical skill required under § 504(b)(2). And nothing in the law permits this Court to direct his entry into the Armed Forces. So, however he frames his argument, the outcome does not change: the claim cannot proceed.

The Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Doc. 12), finding that Nasio's Complaint and case is therefore **DISMISSED.** But the Court clarifies that the suit is **DISMISSED WITH PREJUDICE**, as it is legally frivolous.

The Court also **DENIES** Nasio's Motions for Reconsideration (Docs. 13, 15) and his Motion to Amend or Supplement Complaint (Doc. 16).

A separate order of final judgment will issue after this Order.

It is so **ORDERED**.

SIGNED this 23rd day of June, 2025.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE